IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Brandon C. Clark and
Heidi K. Heffron-Clark

(Chapter 7)

Debtors.

Case No. 10-18035

MEMORANDUM DECISION

The debtors, Brandon Clark and Heidi Heffron-Clark, filed for bankruptcy on October 29, 2010. Their chapter 7 Trustee, William Rameker ("trustee"), and a judgment creditor, Resul and Zinije Adili, d/b/a Kegonsa Plaza, objected to the debtor's claim of exemption in a Pershing Beneficiary IRA. A hearing was held on February 7, 2011 at which the parties agreed to submit the matter on briefs

The parties have stipulated to certain facts, including: The debtor, Heidi Heffron-Clark was the beneficiary of an individual retirement account ("IRA"), which was established by her mother, Ruth Heffron on August 10, 2000. Ruth Heffron passed away on September 19, 2001. On November 28, 2001, Heidi Heffron-Clark established a beneficiary individual retirement account ("Inherited IRA"), and on December 4, 2001, caused the funds from her mother's account to be distributed to the Inherited IRA. Since January 2002 the debtors have received monthly distributions from the Inherited IRA. On the debtors' Schedule C, they claim the Inherited IRA, valued at $293,338, exempt under WIS. STAT. § 815.18(3)(j), and now argue the asset is also exempt under 11 U.S.C. § 522(b)(3)(C).

1

A debtor's claim of exemptions is presumptively valid. *See* 11 U.S.C. § 522(l) ("the property claimed as exempt is exempt" unless "a party in interest objects"). Once a party in interest objects, the burden is on the objecting party to prove, by a preponderance of the evidence, that an exemption is improperly claimed. FRBP 4003(c) ("the objecting party has the burden of proving that the exemptions are not properly claimed..."); *see also In re Yonikus*, 996 F.2d 866, 873-74 (7th Cir. 1993); *see In re Moneer*, 188 B.R. 25, 28 (Bankr. N.D. Ill. 1995); *see In re Ross*, 210 B.R. 320, 323 (Bankr. N.D. Ill. 1997). A debtor is not "required to make an affirmative showing...that the claimed exemption [is] appropriate." *Gagne v. Bergquist*, 179 B.R. 884, 885 (D. Minn. 1994). But, the debtor must expressly characterize the claimed exemption within one of the exemption statutes. *Id.* at 885; *see e.g. Matter of Patterson*, 825 F.2d 1140, 1146-47 (7th Cir. 1987) (for an example, if not a model, of the analysis to be given to the debtors' characterization of property claimed to be exempt). The trustee must then introduce evidence that rebuts the "prima facie effect of a claimed exemption." *In re Hollar*, 79 B.R. 294, 296 (Bankr. S.D. Ohio 1987).

The Bankruptcy Code allows debtors to claim certain property as exempt, using either exemptions allowed under state law, or exemptions provided for in the Code. *See* 11 U.S.C. § 522(b)(1). While this choice is available for debtors in Wisconsin and in some other U.S. states, the majority of states mandate that debtors use only the exemptions provided under state law. *See* 11 U.S.C. § 522(b)(1) (states can "opt out" of the exemptions provided by the Bankruptcy Code); *see* SUSAN V. KELLEY, GINSBERG & MARTIN ON BANKRUPTCY § 6.01[C] (5th ed. 2010) (as of 2010 approximately 44 states had elected to "opt out" of the federal bankruptcy exemptions). So in 2005, Congress saw fit to add two "uniform" exemptions that all debtors could claim regardless of whether they applied federal or state exemption law in their case. 11

2

U.S.C. § 522(b)(3)(B) & (C); *see* H.Rep. No. 109-31(1), 109th Cong., 1st Sess. 63-64 (2005), *reprinted in* 2005 WL 832198 (Congress sought to create a uniform exemption for retirement funds, notwithstanding a debtor's possible limitations under state law). One of the new exemptions permits a debtor to claim as exempt:

> Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408(A), 414, 457, or 501(a) of the Internal Revenue Code of 1986. *See* 11 U.S.C. § 522(b)(3)(C).

In addition, Congress recently added § 522(b)(4)(C), which in relevant part states:

> (4) For purposes of paragraph (3)(C) and subsection (d)(12), the following shall apply:
>
> …
>
> (C) A direct transfer of retirement funds from 1 fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986, under section 401(a)(31) of the Internal Revenue Code of 1986, or otherwise, shall not cease to qualify for exemption under paragraph (3)(C) of subsection (d)(12) by reason of such direct transfer.

This provision, by cross-reference, expands the exemption allowed under § 522(b)(3)(C) by including retirement accounts that resulted from a "trustee to trustee" transfer. *See In re Nessa*, 426 B.R. 312, 315 (BAP 8th Cir. 2010). Because both § 522(b)(3)(C) and § 522(b)(4)(C) apply regardless of whether the debtors claim exemptions under state or federal law, the debtors in this case may characterize their Inherited IRA as exempt under 11 U.S.C. § 522(b)(3)(C) or WIS.STAT. § 815.18(3)(j).

In the last year, no fewer than eight bankruptcy courts have decided whether an inherited IRA falls within § 522(b)(3)(C), or § 522(d)(12)[1]. *See In re Chilton*, 426 B.R. 612 (Bankr. E.D. Tex 2010) *rev'd*, 444 B.R. 548 (E.D. Tex. 2011); *see In re Kuchta*, 434 B.R. 837, 843 (Bankr. N.D. Ohio 2010); *see In re Nessa*, 426 B.R. 312 (BAP 8th Cir. 2010); *see In re Tabor*, 433 B.R. 469 (Bankr. M.D. Pa. 2010); *see In re Weilhammer*, 2010 WL 3431465 (Bankr. S.D. Cal. 2010); *see In re Thiem*, 443 B.R. 832 (Bankr. D. Ariz. 2011); *In re Mathusa*, 2011 WL 1134680 (Bankr. M.D. Fla. 2011); *In re Johnson*, 2011 WL 1674928 (Bankr. W.D. Wash. 2011). These cases involved indistinguishable facts. *See Id.* Specifically, all include a debtor who inherited a family member's IRA sometime before filing bankruptcy. *See Id.* Upon filing bankruptcy, each debtor sought to exempt their interest in the IRA under either § 522(b)(3)(C), or § 522(d)(12).

The most cited of these cases, *Nessa*, was decided by the Bankruptcy Appellate Panel ("BAP") for the Eighth Circuit. *In re Nessa*, 426 B.R. 312 (BAP 8th Cir. 2010). In a short opinion, the BAP found that § 522(d)(12) exempted *any* IRA in the hands of the debtor, whether or not the IRA was established by the debtors' themselves. *Id.* at 314-15 ("even though the contents of the Debtor's inherited account were the Debtor's father's retirement funds,…they remain in form and substance, 'retirement funds.'"). *Id.* The BAP also determined that IRC § 408(e) declared the debtor's inherited IRA tax exempt. *Id.* at 315 (*citing* 26 U.S.C. § 408(e) ("[a]ny individual retirement account is exempt from taxation.")). Finally, the BAP cited § 522(b)(4)(C), noting that the transfer of the IRA from the decedent's account to the beneficiary debtor's account "did not destroy the debtor's ability to claim the funds exempt under

---

[1] The language of § 522(d)(12) is identical to that of § 522(b)(3)(C). *See* 11 U.S.C. § 522(d)(12); *see* 11 U.S.C. § 522(b)(3)(C). Together both sections allow an exemption for retirement accounts, regardless of whether the debtor claims exemptions under federal or state law. *See Id.* As a result, the two sections are often analyzed interchangeably. *See In re Nessa*, 426 B.R. 312 (BAP 8th Cir. 2010).

4

§ 522(d)(12)." *Id.* For these reasons, the BAP concluded that the debtor's claimed exemption of her inherited IRA under § 522(d)(12) was proper.

Most subsequent cases rely on the reasoning of the Eighth Circuit BAP in *Nessa*.[2] *See Kuchta*, 434 B.R. at 843; *see Tabor*, 433 B.R. at 475-76; *see Weilhammer*, 2010 WL 3431465, *4-5; *see Thiem*, 443 B.R. at 845. However, none of the cases cited control this court and most of the cases deal with much smaller dollar amounts than we must. *See Chilton*, 426 B.R. at 613; *rev'd*, 444 B.R. 548 (E.D. Tex. 2011) (inherited IRA was worth $170,000); *see Tabor*, 433 B.R. at 470 (inherited account had estimated value of $105,100); *see Weilhammer*, 2010 WL 3431465 at *1 (inherited IRA contained at least $55,000); *see Thiem*, 443 B.R. at 835 (value of inherited IRA was approximately $10,700). Thus an independent analysis as to whether the debtors' Inherited IRA falls within § 522(b)(3)(C) is appropriate.

For a retirement account to fall within § 522(b)(3)(C), two elements must be present—"(1) the amount the debtor seeks to exempt must be retirement funds; and (2) those retirement funds must be in an account that is exempt from taxation under 401, 403, 408, 408(A), 414, 457, or 501(a) of the Internal Revenue Code." *In re Nessa*, 426 B.R. 312, 314 (8th Cir. BAP 2010). Absent evidence of a contrary intent by Congress, this court must assume that "Congress intends the words in its enactments to carry their 'ordinary, contemporary, common meaning.'" *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 389 (1993) (citing *Perrin v. United States*, 444 U.S. 37, 42 (1979). Where the Bankruptcy Code does not define a specific term, courts must

---

[2] The only case to decide otherwise was *In re Chilton*, 426 B.R. 612 (Bankr. E.D. Tex. 2010). The bankruptcy court in *Chilton* was convinced that § 522(b)(3)(C) exempted only the retirement funds of the *debtor* and did not apply to a nondebtor's retirement funds that were merely in the hands of the debtor. *Id.* at 618. On appeal the District Court recently reversed this decision, relying primarily on the reasoning in *Nessa*. *See In re Chilton*, 444 B.R. 548 (E.D.Tex. 2011). In light of the District Court's decision, this court finds that *In re Chilton*, 426 B.R. 612, is no longer good law.

5

"look to the ordinary meaning of [the] term." *Rousey v. Jacoway*, 544 U.S. 320, 328 (2005); *see also U.S. v. LaBonte*, 520 U.S. 751, 757 (1997) (all other interpretations of a statute "give way" to the statute's "plain meaning"); *see also Perrin v. U.S.*, 444 U.S. 37, 42 (1979) (a federal court's interpretation of a statute always begins with "the language of the…Act itself"). "Retirement funds" is not defined in the Bankruptcy Code so, we must decide if the property at issue constitutes "retirement funds" and only if it does, whether the funds are exempt from taxation under one of the enumerated Internal Revenue Code provisions.

The trustee argues that the Inherited IRA does not constitute retirement funds of the debtor (or any living person) and requests that this court look to the substance of the Inherited IRA and not to its name. The substance of the account, the trustee contends, will reflect funds that no longer hold any attributes of a traditional "retirement" account. The trustee notes that no one can make any contributions to the inherited IRA, as the debtor could to her own IRA (if she had one); and that the debtor does not receive distributions related to her retirement status, as she would with a traditional IRA. Ultimately the trustee argues that the attributes of the Inherited IRA are not those of what might be known in common usage to be a "retirement fund," and should not fall within § 522(b)(3)(C).

In response the debtors, relying heavily on the other cases already decided on this issue, argue that because the name "retirement account" once applied to the funds in the debtors' Inherited IRA the account still contains "retirement funds." Specifically, they point to the "plain meaning" of § 522(b)(3)(C), arguing that the statute does not indicate *whose* retirement the funds were set aside for, but rather requires only that the funds at issue were set aside for *someone's*

6

retirement. The debtors also contend the Inherited IRA is treated like any other IRA and is tax exempt under IRC § 408.[3]

Based on my reading of the plain language of § 522(b)(3)(C), the trustee has the more persuasive argument in this case. The first prong of the analysis requires that —"(1) the amount the debtor seeks to exempt must be retirement funds." *Nessa*, 426 B.R. at 314. Finding no ambiguity in the language of the statute, I must defer to the "common or ordinary meaning" of the phrase "retirement fund." *Rousey,* 544 U.S. at 330. "Retirement" is defined as the "withdrawal from one's position or occupation or from active working life." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1007 (9th ed. 1986). Thus to qualify as exempt under § 522(b)(3)(C), the funds must be held in anticipation of "withdrawal from one's position or occupation." *Id.*

The debtors' Inherited IRA does not contain *anyone's* "retirement funds." Ruth Heffron established the retirement account, and elected her daughter as a beneficiary of the account. While living, the funds in Ms. Heffron's account were indeed funds for *her* retirement—that is held in anticipation of one day withdrawing from her occupation. After Ms. Heffon passed away, however, the funds passed to her beneficiary. The funds could no longer be classified as anyone's retirement funds—Ms. Heffron had died and was incapable of retiring further or using the funds during her retirement, and her daughter was able (in fact obliged) to take distributions from the account while both of the debtors continued to work. Currently, the funds are held in anticipation of no person's retirement and likewise cannot, under the plain meaning of the

---

[3] To avoid confusion, hereinafter I will place "IRC" before the code section when I refer to a section from the Internal Revenue Code under title 26 of the United States Code.

7

statute, constitute "retirement funds." They are not segregated to meet the needs of, nor distributed on the occasion of, any person's retirement.

Other courts that have directly dealt with this issue have all found that the contents of the inherited IRA remain in form and substance "retirement funds" when they are passed to the beneficiary. *See Nessa*, 426 B.R. at 314-15; *see Kuchta,* 434 B.R. at 843-44; *see Tabor*, 433 B.R. at 475-76; *see Weilhammer*, 2010 WL 3431465 at *5. In arriving at this conclusion, most courts dwell on the fact that inherited IRAs contain funds set aside for *someone's* "retirement" and in most cases are still characterized by the Internal Revenue Service ("IRS") as individual retirement accounts. *See Id.* This reasoning is unpersuasive however, and seems to avoid the plain meaning of the statute. The fact that the funds were once held for a decedent's retirement is irrelevant. As noted above, while the funds may have been set aside originally for retirement purposes, once the decedent dies the funds are no longer held by the beneficiary for that purpose. The IRS may refer to an "inherited IRA" as an "IRA," but that label is without significance. *See* I.R.S. PUBLICATION 590, p.18 (2010) (discussing tax treatment of an "inherited IRA"). It is the purpose of the fund, and not its name, that determines the plain meaning of the phrase. For this reason, I cannot agree with the other courts' interpretation of "retirement funds" in § 522(b)(3)(C).

Were we to peek behind the curtain of "plain meaning" it would seem beyond any quibble that Congress intended to permit debtors to retain amounts saved for their retirement and not sums inherited from their parents. Because this obvious point supports the common sense reading of the words that Congress chose for the statute, the resort of other courts to rely on income tax labels is hard to explain.

The Tax Code's treatment of "inherited IRAs" also reflects the true nature of the accounts. "Inherited IRAs" and their underlying purpose were contemplated by Congress with the enactment of the Pension Protection Act of 2006. *See* CCH, PENSION PROTECTION ACT OF 2006—LAW, EXPLANATION AND ANALYSIS, ¶ 945. Specifically, Congress sought to eliminate the adverse tax treatment to a nonspouse beneficiary that occurred when a beneficiary received a lump sum distribution from a decedent's IRA creating an immediate taxable event on the entire amount distributed. *Id.* From this reasoning came Congress' broad endorsement of "inherited IRAs" as a means of deferring the tax owed on the proceeds of a decedent's IRA over the life of the beneficiary. *Id.* In enacting this policy Congress set forth various rules to ensure the holder of an "inherited IRA" was not treated the same as a holder of an IRA. *See* 26 U.S.C. § 408(d)(3)(C). For example, a holder of an "inherited IRA" cannot make contributions to the account, cannot roll the funds in the account over to their own IRA, and must begin taking monthly distributions immediately, regardless of age or employment status, from the account in accordance with the IRS distribution guidelines. *See* 26 U.S.C. § 408(d)(3)(C); *see* 26 U.S.C. § 408(a)(6). This treatment is different for a holder of an IRA, who cannot withdraw, without penalty, funds from their account prior to a designated retirement age, and who can make tax deferred contributions to their account for purposes of saving for their retirement. 26 U.S.C. § 408. In light of these differences, it is clear that Congress did not intend for "inherited IRAs" to serve as "retirement accounts," but rather to serve as a conduit that allows beneficiaries to defer but not avoid income tax on the distributions from an IRA *that they inherit*.

No one has cited (and I can find none) any primary legal source for the proposition that the debtors' Inherited IRA is tax exempt. As authority that their Inherited IRA is tax exempt the debtors point to IRC § 408(e), which provides that "any individual retirement account is exempt

9

from taxation…". 26 U.S.C. § 408(e). While the statute does indeed exempt from tax "any individual retirement account," I find no sources that suggest an "inherited IRA" is considered "any individual retirement account" under IRC § 408. To fall within IRC § 408, the fund must meet certain criteria related to distribution requirements and asset regulation. *See* 26 U.S.C. § 408(a) (requiring that "contributions" into the account be made "in cash" and not exceed the limits set forth under § 219(b)(1)(A); "[t]he interest of an individual in the balance in this account [be] nonforfeitable;" "[t]he assets of the trust not be commingled with other property…;" etc.). The debtors' Inherited IRA does not seem to meet any of those criteria listed in IRC § 408(a).

Other courts that have decided this issue have cited other bankruptcy court decisions and/or IRS publications and regulations in support of their finding that "inherited IRAs" are tax exempt. *See Thiem*, 443 B.R. at 839 (citing tax regulations); *See Nessa*, 426 B.R. at 315 (citing generally IRC § 408(e) with no supporting authority); *see Kuchta,* 434 B.R. at 843-44 (citing the *Nessa* decision and generally IRC § 408); *see Tabor*, 433 B.R. at 475-76 (citing the *Nessa* decision); *see Weilhammer*, 2010 WL 3431465 at *5 (citing generally IRC § 408(e) with little other authority). These authorities are unpersuasive, especially when the IRS publications and regulations seemingly infer that *some* "inherited IRAs" are tax exempt without referencing a primary legal source. *See* I.R.S. PUBLICATION 590, p.18 (2010) ("Like the original owner, [the beneficiary of an inherited IRA] *generally* will not owe tax on the assets in the IRA until you receive distributions from it") (emphasis added). From the secondary tax sources, it is not clear that the debtors' Inherited IRA is indeed tax exempt and the absence of direct legal authority is crippling to the argument that it is so. For this reason, I cannot conclude that the debtors' inherited IRA is governed by IRC § 408 or is tax exempt under that section.

Finally, § 522(b)(4)(C) does not help the debtor in this case. That poorly drafted statute seems to apply only if by reason of a "direct transfer of retirement funds from 1 fund or account that is exempt from taxation" a retirement account loses its exemption status under § 522(b)(3)(C). 11 U.S.C. § 522(b)(4)(C). Here, the debtors' Inherited IRA does not qualify for exemption status because the account does not contain "retirement funds." Each of the required distributions from the fund is taxable and the holding of the funds by itself is not a taxable event. Section 522(b)(4)(C) simply does not apply.

The debtors did initially, and may still, argue that their Inherited IRA qualifies under WIS. STAT. § 815.18(3)(j) as exempt. WIS. STAT. § 815.18(3)(j) states in relevant part:

> (3) EXEMPT PROPERTY. The debtor's interest in or right to receive the following property is exempt…
>
> (j) *Retirement benefits.* (1) Assets held or amounts payable under any retirement, pension, disability, death benefit, stock bonus, profit sharing plan, annuity, individual retirement account, individual retirement annuity, Keogh, 401-K or similar plan or contract providing benefits by reason of age, illness, disability, death or length of service and payments made to the debtor therefrom.
>
> (2) The plan or contract must meet one of the following requirements: (a) The plan or contract complies with the provisions of the internal revenue code… WIS. STAT. § 815.18(3)(j).

On facts indistinguishable from the present case, the issue of whether an inherited IRA could be claimed exempt under WIS. STAT. § 815.18(3)(j) was decided by a bankruptcy court in the Eastern District of Wisconsin. *See In re Kirchen*, 344 B.R. 908 (Bankr. E.D. Wis. 2006). The court first found that the state exemption did not apply to inherited IRAs, because the "benefits" from inherited IRAs were distributed immediately and *not* by reason of "age, illness, disability, death or length of service…" as required by the exemption. *Id.* at 912. The court also found

11

that the inherited accounts were not governed by the provisions of IRC § 408, and likewise could not be deemed to comply with the Internal Revenue Code. *Id.* at 913.

The court's reasoning in *Kirchen* is sound and the conclusion that the funds of an inherited IRA are not within the meaning of WIS. STAT. § 815.18(3)(j)(1), which requires that the benefits of such an account be distributed "by reason of age, illness, disability, death…" is thus compelled. In this case the debtors received minimum distributions from the Inherited IRA as permitted by the IRS guidelines. The debtors are entitled to receive benefits immediately with no regard to their age, physical health, or working status. For this reason, the debtors' Inherited IRA does not fall within WIS. STAT. § 815.18(3)(j) or within § 522(b)(3)(C).

The trustee and judgment creditors in this case have met their burden by rebutting the debtors' claimed exemption. The debtors' Inherited IRA does not contain "retirement funds" within the common meaning of § 522(b)(3)(C). The trustee and judgment creditors' objections must be sustained, and the debtors' exemption claimed under WIS. STAT. § 815.18(3)(j) and § 522(b)(3)(C) is disallowed.

Dated: May 10, 2011

_____

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Brandon C. Clark and
Heidi K. Heffron-Clark

(Chapter 7)

Debtors.

Case No. 10-18035

ORDER

The trustee and judgment creditors' objections to the debtors' claimed exemption of their inherited IRA is SUSTAINED. The debtors' exemption of their inherited IRA is DISALLOWED.

Dated: May 10, 2011

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE